IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY W MOORE, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-112 Erie |
| | ) | |
| v. | ) | |
| | ) | Chief District Judge McLaughlin |
| SCI COAL TOWNSHIP, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be granted and that this case be dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

**II.**    **REPORT**

    **A.**    **Relevant Procedural and Factual History**

On April 19, 2013, Plaintiff Billy W. Moore filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant SCI Coal Township. In his complaint, Plaintiff alleges that, while incarcerated at SCI Coal Township in 2010, he was involved in an on-going state court proceeding that was before the "Supreme Court in Pittsburgh." Plaintiff applied for and was provided a paralegal by the Defendant to assist him with preparing a brief that he was required to file with the court. Plaintiff alleges that the paralegal met with him to gather information, "but did not seem to gather enough information." (ECF No. 1-1, Complaint, at p. 2).

1

Plaintiff subsequently filed the brief that was prepared by the paralegal, but the "Supreme Court wrote back and noted it was not done correctly and was completely out of the time frame." (Id.). As a result, Plaintiff claims that his "appeal rights were squashed," and he "was unable to get back into court and had to serve until [he] maxed out [his] two year sentence." (Id.). Although unstated, it is presumed that Plaintiff is seeking to recover monetary damages.

In conjunction with his complaint, Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this matter [ECF No. 1].

### B.    Standards of Review

#### 1.    Proceedings *in forma pauperis* under 28 U.S.C. § 1915

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx .90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx. 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that

situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

28 U.S.C. §1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906

3

(3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Discussion

#### 1. Motion for Leave to Proceed *in forma pauperis*

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this

4

civil rights case. Plaintiff's motion reveals that he is on social security disability and owns no assets having any monetary value. Based upon this disclosure, the Court finds that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* [ECF No. 1] should be granted.

### 2. Assessment of Plaintiff's Complaint

It appears from the Complaint that Plaintiff is claiming that Defendant violated his constitutional right to access the courts by providing him with a paralegal that was either negligent or incompetent. However, the Eleventh Amendment to the United States Constitution precludes suits for monetary damages against a state and its agencies in federal court. Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000) (Eleventh Amendment bars individuals from seeking monetary damages from state governments or state agencies).[1] See, also, Demyon v. Pennsylvania Dep't of Corrections, 2001 WL 1083936 at *3 (M.D.Pa. 2001), citing Alabama v. Pugh, 438 U.S. 781, 782 (1978) (The United States Supreme Court has held that this [Eleventh Amendment] immunity does apply specifically to § 1983 claims"). As a result, Plaintiff's complaint seeks monetary relief against a defendant who is immune from such relief, thus warranting *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states and state agencies are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be granted and that this case be dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: June 3, 2013

cc: The Honorable Sean J. McLaughlin
Chief United States District Judge